IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| RICHARD D. ZAWADZKE, | § § | |
| Plaintiff, | § § | |
| v. | § § | No. 1:16-CV-0085-BL |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | § § § § | |
| Defendant. | § § | |

## REPORT AND RECOMMENDATION

Pursuant to 42 U. S. C. § 405(g), Plaintiff seeks judicial review of a decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[2] *See* Compl. (doc. 1). The Commissioner has filed an answer, *see* Answer (doc. 8), and a certified copy of the transcript of the administrative proceedings, *see* SSA Admin. R. [hereinafter "R."] (doc. 10), including the hearing before the Administrative Law Judge ("ALJ"). The parties have briefed the issues. *See* Pl.'s Br. (doc. 12); Def.'s Resp. Br. (doc. 13). The United States District Judge referred the case to the undersigned pursuant to 28 U.S.C. § 636 and the parties have not consented to proceed before a United States Magistrate Judge. After considering the pleadings, briefs, and administrative record, the undersigned recommends that the Commissioner's decision be affirmed.

---

[1] On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), the Court automatically substitutes her as the named defendant.

[2] Title II governs disability insurance benefits. *See* 42 U.S.C. §§ 401-34. This recommendation will often refer to Plaintiff as Claimant, a designation used in social security cases.

## I. BACKGROUND

Plaintiff filed an application for DIB in February 2013, alleging a February 15, 2013 onset of disability due to various impairments. R. 15, 87, 103, 155-156, 170. His date of last insured ("DLI") passed on December 31, 2016. *See* R. 17. Therefore, the most relevant time period for his application and the Court's review commenced in February 2012 and continued through December 2016.

The Commissioner denied the applications initially and on reconsideration. *See* R. 80-103. On June 3, 2014, Administrative Law Judge ("ALJ") Ward King held a hearing on Plaintiff's claim. *See* R. 33-79. On September 20, 2014, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled and was capable of performing work that existed in significant numbers in the national economy. R. 15-28. Applying the sequential, five-step analysis set out in the regulations (20 C.F.R. § 404.1520(a)(4))[3] the ALJ first determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. R. 17. The ALJ next determined that Plaintiff has a severe combination of impairments. R. 18. Third, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of any impairment in the listings.[4] *Id.*

The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC")[5] to

---

[3]In March 2017, the Social Security Administration amended many regulations. However, the pertinent version for this case is the one in effect when the ALJ issued her decision. *See Young v. Berryhill*, No. 16-20786, 2017 WL 2312859, at *2 n.3 (5th Cir. May 26, 2017) (per curiam). Except to bring attention to the effective date of an amended provision, this recommendation will cite to the applicable version without parenthetical year information.

[4]Section 404.1525 explains the purpose and use of the listings of impairments.

[5]Section 404.1545(a)(1) explains that a claimant's RFC "is the most [he or she] can still do despite [his or her] limitations." When a case proceeds before an ALJ, it is the ALJ's sole responsibility to assess the claimant's RFC. 20 C.F.R. § 404.1546(c). However, that assessment must be "based on all of the relevant medical and other evidence" of record. *Id.* § 404.1545(a)(3).

2

perform a limited range of light work as defined in 20 C.F.R. § 404.1567(b).[6] R. 19. The ALJ found that Plaintiff could lift/carry ten pounds frequently and twenty pounds occasionally; "sit, stand, or walk (individually or in combination) throughout an 8-hour workday, but cannot perform any prolonged standing or walking; and otherwise perform the full range of light work" with the following exceptions: no climbing ropes, ladders, or scaffolds; no crawling; and limited to frequent fingering and handling with bilateral upper extremities. *Id.* The ALJ also limited Plaintiff to simple work and precluded extensive and involved contact with supervisors and coworkers. *Id.*

Based upon the RFC determination and testimony from a vocational expert ("VE") about the exertional demands and skill requirements of Plaintiff's prior jobs, the ALJ concluded that Plaintiff could not perform his past relevant work, but could perform jobs that exist in significant numbers in the national economy. R. 26-28. The VE identified four light, unskilled jobs that would be available for a hypothetical person with an RFC consistent with that assessed for Plaintiff. *See* R. 27, 74-75. At Step 5 of the evaluative sequence, the ALJ thus found that Plaintiff was not disabled within the meaning of the Social Security Act between February 15, 2013, and the date of the ALJ's deci-

---

[6]The regulations address physical exertion requirements and explain:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). In general, light work "requires being on one's feet" for six hours of an eight-hour workday while "[s]itting may occur intermittently during the remaining time." Titles II and XVI: Determining Capability to Do Other Work – the Medical-Vocational Rules of Appendix 2, SSR 83-10 (PPS-101), 1983 WL 31251, at *5-6 (S.S.A. 1983).

3

sion. R. 28.

The Appeals Council denied review on March 21, 2016, because it "found no reason" to review the ALJ's decision. R. 1-3. The ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating that the Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review"). Plaintiff commenced this social security appeal on May 22, 2016. *See* Compl. He presents a single issue for review. *See* Pl.'s Br. at 1.

## II. LEGAL STANDARD

In general,[7] a person is disabled within the meaning of the Social Security Act, when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)-(b)). To evaluate a disability claim, the Commissioner employs the previously mentioned

> five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.

*Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). If, at any step, the Commissioner determines

---

[7]The Act provides an alternate definition of disability for blind individuals who are fifty-five years of age or older. *See* 42 U.S.C. § 423(d)(1)(B). This provision is inapplicable on the current facts.

that the claimant is or is "not disabled, the inquiry is terminated." *Id.* at 448. The Commissioner must assess the claimant's RFC before proceeding to Steps 4 and 5. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). For Steps 1 through 4, the claimant has the burden to show disability, but the Commissioner has the burden at Step 5 to "show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. If the Commissioner carries that Step 5 burden, "the burden shifts back to the claimant to rebut th[e] finding" that he or she can perform other work that is available in the national economy. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

"Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied." *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015) (quoting *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton*, 209 F.3d at 452). "In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Perez*, 415 F.3d at 461. The courts neither "try the questions *de novo*" nor substitute their "judgment for the Commissioner's, even if [they] believe the evidence weighs against the Commissioner's decision." *Masterson*, 309 F.3d at 272. The Commissioner resolves conflicts of evidence. *Sun*, 793 F.3d at 508.

### III. ANALYSIS

Plaintiff argues that the Commissioner erred at Step 5 by relying on testimony of the voca-

tional expert. Pl.'s Br. at 1. More particularly, he contends that the ALJ's RFC finding is internally inconsistent and the hypothetical posed to the VE did not precisely reflect his limitations. *Id.* at 4-6. He views the RFC finding that he has the ability to "sit, stand, or walk (individually or in combination) throughout an 8-hour workday" inconsistent with the finding that he cannot engage in "prolonged standing or walking." *Id.* at 5.

Plaintiff's view of the RFC finding is inconsistent with the RFC as a whole. The ALJ combined the sitting-standing-walking component of Plaintiff's assessed RFC rather than break it down into the typical components of sitting and standing/walking. Nevertheless, the ALJ clearly and unambiguously stated that Plaintiff was incapable of prolonged standing or walking. That limitation necessarily precludes standing/walking for a full eight-hour work day. Plaintiff takes an unreasonable view of the RFC assessment to claim an internal inconsistency that is simply not present. Make no mistake, the undersigned recognizes the nature of the perceived inconsistency, but finds the interpreted inconsistency incongruent with the RFC findings as a whole.

The ALJ incorporated his RFC into his questioning of the VE. *See* R. 73-74. The VE clarified that the ALJ said "no prolonged walking and standing." R. 74. In addition, when the VE identified a housekeeping/cleaner job that might require the individual to be on his feet throughout the workday, additional questioning to the VE revealed that the position provides opportunities to sit down. R. 75. Nevertheless, the ALJ had some reservations about relying on that job and urged the VE to identify others, which she did. *See id.* Although the ALJ noted the housekeeping job at Step 5, he also identified three other jobs that existed in significant numbers in the national economy. *See* R. 27.

The Commissioner in this case carried his Step 5 burden through testimony of a VE who

identified light jobs based upon the RFC assessed by the ALJ. There is no inconsistency between the assessed RFC and the VE testimony. Plaintiff, furthermore, does not argue that the ALJ erred in his RFC assessment or that the questioning to the VE does not include all the limitations warranted by the evidence. When testimony of the VE includes all limitations warranted by the evidence substantial evidence supports a Step 5 finding of non-disability. *See Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir. 2002); *Boyd v. Apfel*, 239 F.3d 698, 706 (5th Cir. 2001).

The Court should find that the Commissioner properly relied on the VE testimony to carry her burden at Step 5 and that substantial evidence supports the determination of non-disability.

### IV. CONCLUSION

For the reasons set forth in this Report and Recommendation, the Court should find that the Commissioner did not err in relying on the testimony of the vocational expert to carry her Step 5 burden. In addition, it should find substantial evidence supports the Step 5 determination of non-disability. The undersigned thus **RECOMMENDS** that the district court **AFFIRM** the Commissioner's decision to deny benefits. Because the parties have not consented to proceed before a United States Magistrate Judge, the undersigned directs the Clerk of Court to **REASSIGN** this case to Senior District Judge Sam R. Cummings in accordance with normal procedures.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED this 17th day of August, 2017.**

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**